IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Case No. 21-0147-02 (CKK) |
| | : | |
| VIRGINIA MARIE SPENCER, | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT'S MOTION TO CORRECT JUDGEMENT UNDER FEDERAL RULE OF CRIMINAL PROCEDURE 35(A) AND TO STAY ENTRY OF JUDGEMENT AND COMMITMENT ORDER**

The defendant, Virginia Marie Spencer, through her attorney, Allen H. Orenberg, pursuant to Federal Rule of Criminal Procedure 35(a), hereby requests the entry of an Order correcting the judgment imposed on January 7, 2022, and to stay entry of the Judgment and Commitment Order until such time as this instant motion is resolved. The Court should either impose a sentence of imprisonment, without a term of supervised released, or a period of "straight" probation, or a period of probation with a special condition of home confinement.

As grounds, the following is stated:

1. The government opposes this motion per Assistant U.S. Attorney Douglas Collyer.

2. On January 7, 2022, the Court imposed a sentence consisting of, essentially, 90 days imprisonment followed by 36 months of supervised release. *See* Minute Entry dated 1/7/2022. (no doc. no.)  Mrs. Spencer was convicted of one count

1

of 40 U.S.C. § 5104(e)(2)(G), Parading, Demonstrating or Picketing in a Capitol Building. This offense is a Class B misdemeanor – a petty offense.

3. This Federal Rule of Criminal Procedure 35(a) motion is made under the "technical" and/or the "other clear error" prongs of the Rule.

4. As of the date of the filing of this instant motion, the Judgement and Commitment Order has not been issued.

### I. The Court Is Not Authorized To Impose A Period of Supervised Release, After A Term Of Imprisonment, For A Class B Misdemeanor.

18 U.S.C. §3583 is entitled " Inclusion of a term of supervised release after imprisonment." Under section (b) "Authorized term of supervised release," the statute authorizes terms of supervised release for

(1) For A Class A or Class B felony, not more than five years;

(2) For a Class C or Class D felony, nor more than three years; and

(3) For a Class E felony, or for a misdemeanor (other than a petty offense), not more than one year.

Mrs. Spencer was convicted of a Class B misdemeanor – a petty offense – for which the statute does not authorize the Court to impose period of supervised release following a term of imprisonment. Consequently, the court was not, on January 7, 2022, authorized to impose the sentence of a period of imprisonment followed by a term of supervised release. This is either a "technical" error and/or a "clear error" by the Court, which must be corrected in accordance with Rule 35.

The government, it is sentencing memo, (Doc. 55 at 16) agrees that supervised release cannot be imposed in connection with a petty offense conviction, ". . . because sentencing courts cannot impose supervised release on petty-offense defendants. *See* 18 U.S.C. § 3583(b)(3); *United States v. Jourdain*, 26 F.3d 127, 1994 WL 209914, at *1 (8th Cir. 1994) (unpublished) (plain error to impose a term of supervised release for a petty offense)."

### II. 18 U.S.C. § 3561(a)(3) Does Not Authorize Sentences Of Both Imprisonment And Probation For One Single Petty Offense.

The government argued in it's sentencing memorandum for a sentence of 90 days incarceration followed by 36 months of probation because § 3561(a)(3) authorizes a court to impose a sentence of probation and a sentence of imprisonment at the same time for one single petty offense. Doc. 55 at 15-16. The government is incorrect. *First*, the government's interpretation of § 3561(a)(3) irreconcilably conflicts with § 3551(b). *Second*, § 3561(a)(3) does not explicitly authorize the imposition of such dual sentences. *Third*, the government's interpretation raises constitutional concerns.

Furthermore, the government chiefly relies upon one case for its position, *United States v. Posley*, 351 Fed. Appx. 801, 809 (4th Cir. 2009) (per curium) (unpublished), 2009 U.S. App. LEXIS 24955**, which misreads 18 U.S.C. § 3563(a)(3) and ignores 18 U.S.C. § 3551.2 A correct reading of the relevant statutes and the legislative history make it clear that a district court has a dichotomous choice: it can either sentence the defendant to imprisonment up to six months, or it

3

can sentence the defendant to probation for up to five years. They are alternate, mutually exclusive sentencing options. This rule is no different because the defendant is being sentenced for a single petty offense. And, of course, the unpublished decision is also not binding precedent on this Court. The decision has never been cited by any court, according to a Lexis citing history search. Indeed, its analysis, issued on the papers without the benefit of oral argument, *id.* at 809, is inaccurate and not remotely persuasive.

### A. The Government's Interpretation Cannot Be Reconciled With 18 USC § 3551(b).

The government's interpretation of § 3561 cannot be reconciled with the related statutory provision of § 3551(b). To start, the government cannot dispute that § 3551(b) provides that probation and imprisonment are to be mutually exclusive for the same offense. Next, § 3551(b) specifically refers to "an offense," not as the government suggests, "the same sentencing hearing." *Id.* The "general rule" in § 3551(b) applies to every "offense." It is § 3563(a)(3) that contains (and has always contained) the prohibition with respect to different offenses in the same sentencing hearing.

### B. The Government's Interpretation Misreads 18 USC § 3561(a)(3).

Even if the government' reading of 18 USC § 3561(a)(3) did not irreconcilably conflict with § 3551(b), the government's reading of the plain language is nonetheless incorrect. And it is the only reading of the statute that is consistent with the sentencing scheme that the provision is about limitations on terms of probations,

not, as the government would have it, an expansion of when probation and incarceration can be given.

### C.  Chief Judge Beryl A. Howell Of This Court Has Recently Considered Whether Or Not 18 U.S.C. § 3561(a)(3) Does Not Authorize Sentences Of Both Imprisonment and Probation For One Single Petty Offense.

On October 21, 2021, in *United States v. Jack Jesse Griffith* (No. 21-204-BAH-04) and *United States v. Eric Chase Torrens* (21-204-BAH-02) Chief Judge Howell issued a Minute Order instructing the parties to;

> "MINUTE ORDER as to JACK JESSE GRIFFITH, DIRECTING the parties to submit, by 4 PM, today, October 21, 2021, their positions on whether, under 40 U.S.C. §5104(e)(2)(G), a sentence of a period of incarceration may be followed by a period of probation, pursuant to 18 U.S.C. § 3561(a)(3). See United States v. Posley, 351 F. App'x 807, 809 (4th Cir. 2009) (per curiam) (noting that "[u]nquestionably, the magistrate judge had the statutory authority under § 3561(a)(3) to sentence Posley to a term of six months of continuous imprisonment plus probation" for a Class B misdemeanor (citing 18 U.S.C. § 3561(a)(3))). The government recommends a period of three months incarceration in this case, see 92 Govts Sentencing Mem. at 1, but is silent on whether any period of probation may follow, id.; see also 62 Plea Agreement as to Griffith, 1 (omitting reference to probation). FURTHER DIRECTING the government to submit, by 4 PM today, October 21, 2021, a full explanation of the differences in offense conduct between Griffith and every other defendant, who has been charged for conduct arising out of the January 6, 2021 Capitol attack and as to whom the government has recommended a sentence of probation or an incarceration period of less than three months, including the cases detailed in 104 Response of ERIC CHASE TORRENS to 99 Gov't's Sentencing Mem. See Min. Order (Oct. 21, 2021) (granting Griffith's motion to adopt arguments and analysis in Doc. 104 Response of Co-Defendant). Signed by Chief Judge Beryl A. Howell on October 21, 2021. (lcbah1) (Entered: 10/21/2021)"

And on October 22, 2021, Chief Judge Howell issued another Minute Order,

"MINUTE ORDER (paperless) POSTPONING, as to JACK JESSE GRIFFITH, the Sentencing Hearing scheduled for October 22, 2021 at 2:00 PM to Thursday, October 28, 2021 at 11:00 AM, due to the disparate positions taken by the government and the defendant, in a series of late-filed briefing, on the types of sentences available for the Court to impose on defendant's conviction under 40 U.S.C. § 5104(e)(2)(G); and DIRECTING the government to submit, by 4:00 PM, October 25, 2021, a supplemental reply to 110 Response of Eric Chase Torren's to the government's 109 supplement, which JACK JESSE GRIFFITH adopted with the Court's permission, addressing the analysis and legislative history presented in defendants' supplemental filing submitted this morning, and explaining fully whether a sentencing court may impose, under 18 U.S.C. § 3561(a)(3), both a custodial sentence and a sentence of probation for a petty offense Class B misdemeanor in order to authorize the Probation Office to supervise the payment of restitution and any special conditions of probation, including community service, or, whether when probation is imposed for a petty offense Class B misdemeanor, any incarceration may be imposed only in intermittent intervals and not continuously as a special condition of probation, under 18 § U.S.C. 3563(b)(10), if at all. Signed by Chief Judge Beryl A. Howell on October 22, 2021. (lcbah1) (Entered: 10/22/2021)"

The parties in *both Griffiths* and *Torrens* submitted briefing on the issue of whether or not the sentencing court may impose, under 18 U.S.C. § 3561(a)(3), both a custodial sentence and a sentence of probation for a petty offense Class B misdemeanor. *See* case no. 21-204-BAH, docket entries 109, 110, 113, 117, & 125.

When sentencing Jack Jesse Griffith, Chief Judge Howell entertained lengthy argument on the issue of whether or not the court was authorized to impose a period of imprisonment followed by a term of probation. (*See* transcript of Griffith sentencing hearing, pages 38-52, 10/28/2021 – attached as an exhibit). And, the next day, when sentencing Eric Chase Torrens Chief Judge Howell referred to the *Griffith*

6

submissions and arguments (*See* pages 25-26, 44-45, 11/6/2021)[1] sentencing hearings – attached as an exhibit.)  Mr. Griffith was sentenced to 36 months of probation with a special condition 90 days of home confinement. Mr. Torrens was sentenced to 36 months ("straight") probation.

WHEREFORE, for the foregoing reasons and such other reasons that may appear just and proper, defendant Virginia Mari Spencer, hereby requests the entry of an Order correcting the judgment imposed on January 7, 2022, and to stay entry of the Judgment and Commitment Order until such time as this instant motion is resolved. The Court should either impose a sentence of imprisonment without a term of supervised released, or a period of "straight" probation, or a period of probation with a special condition of home confinement.

Defendant, Virginia Marie Spencer, respectfully request a hearing on this motion.

---

[1] The transcript states the sentencing hearing was conducted on November 6, 2021, but the docket entry(21-204-BAH) shows that the sentencing hearing occurred on October 29, 2021.

Respectfully submitted,

_____
Allen H. Orenberg, # 395519
The Orenberg Law Firm, P.C.
12505 Park Potomac Avenue, 6th Floor
Potomac, Maryland 20854
Tel. No. 301-984-8005
Cell Phone No. 301-807-3847
Fax No. 301-984-8008
aorenberg@orenberglaw.com

Dated: January 10, 2021