UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CASE NO. 21-cr-147-2 (CKK) |
| v. | : | |
| | : | |
| VIRGINIA MARIE SPENCER, | : | |
| | : | |
| Defendant. | : | |

## OPPOSITION TO DEFENDANT'S MOTION TO CORRECT JUDGMENT UNDER FEDERAL RULE OF CRIMINAL PROCEDURE 35(A) AND TO STAY ENTRY OF JUDGMENT AND COMMITMENT ORDER

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully opposes defendant Virginia Marie "Jenny" Spencer's Motion to Correct Judgment Under Federal Rule of Criminal Procedure 35(a) and to Stay Entry of the Judgment and Commitment Order. As an initial matter, Rule 35(a) is not the appropriate vehicle for this challenge. In her motion, the defendant claims the Court improperly imposed a sentence of both incarceration and probation on her conviction for a class B misdemeanor, a petty offense.[1] However, the lone court of appeals to address this issue held 18 U.S.C. § 3561(a)(3) "unquestionably" provided statutory authority to impose such a sentence on a petty-offense defendant. *United States v. Posley,* 351 F.App'x 807, 809 (4th Cir. 2009). The defendant argues that the government's interpretation of Section 3561(a)(3)—and *ispo facto* the Fourth Circuit Court of Appeals' interpretation—irreconcilably conflicts with 18 U.S.C. § 3551(b). The defendant further argues that Section 3561(a)(3) does not authorize the imposition of such a

---

[1] The defendant's motion also argues the Court was not authorized to impose a term of "supervised release" after a term of incarceration for a Class B misdemeanor. The Court did not impose a term of supervised release in the instant case, but rather a term of probation. *See* Minute Order January 11, 2022.

1

sentence. Finally, the defendant raises unspecified constitutional concerns regarding the imposition of such a sentence.

Defendant's motion is unsupported by the law and should be denied.

## PROCEDURAL HISTORY

The Grand Jury returned a superseding indictment charging the defendant, Virginia Marie "Jenny" Spencer, with one count of entering and remaining in a restricted building or grounds, in violation of 18 U.S.C. § 1752(a)(1); one count of disorderly and disruptive conduct, in violation of 18 U.S.C. § 1752(a)(2); and two misdemeanor offenses under 40 U.S.C. § 5104(e)(2). Doc. 14, at 1-3. These charges implicate the defendant's conduct at the U.S. Capitol on January 6, 2021.

On September 9, 2021, pursuant to a written plea agreement, the defendant pled guilty to Count Five of the Superseding Indictment, charging her with Parading, Demonstrating or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G), a class B misdemeanor, in satisfaction of the charges against her.

On January 7, 2022, this Court sentenced the defendant to three months incarceration, thirty-six months' probation and $500 in restitution. The defendant filed a motion to correct judgment under Federal Rule of Criminal Procedure 35(a) on January 10, 2022. Doc. No. 66.

## ARGUMENT

### A. Rule 35 is not a proper vehicle for the defendant's challenge.

The defendant moves to "correct" the judgment in this case under Rule 35(a) of the Federal Rules of Criminal Procedure. Rule 35(a) permits a court within 14 days of imposing a sentence to "correct" that sentence if it "resulted from arithmetical, technical, or other clear error." A sentencing court's authority under Rule 35(a) is "intended to be very narrow and to reach only to those cases in which an obvious error or mistake has occurred in the sentence." Fed. R. Crim. P.

2

35, Advisory Committee Notes, 1991 Adoption; *accord Baylor v. United States*, 314 F. Supp. 47, 50 (D.D.C. 2004) ("Rule 35 serves the narrow function of allowing correction of technical errors in a sentence."). The "extremely limited" authority, *United States v. Houston*, 529 F.3d 743, 749 (6th Cir. 2008), conferred under Rule 35(a), is "limited to technical errors, such as scrivener's errors, and does not extend to substantive objections about the reasonableness of the sentence." *United States v. Hernandez-Garcia*, No. 20-cr-1116, 2021 WL 2198787, at *2 (S.D. Cal. May 6, 2020) (citing *United States v. Ceballos*, 671 F.3d 852, 854 (9th Cir. 2011)).

Rule 35(a) is therefore not an appropriate basis for the relief the defendant seeks. Whatever the merits of the defendant's argument—and that argument is flawed, *see infra* at pp. 3-6—her claim that the split sentence the Court imposed is a "technical" or "clear" error is plainly incorrect. If the defendant, who conceded the legal permissibility of a split sentence at the sentencing hearing (*see infra* at n.2), wishes to challenge that sentence, her sole recourse at this point is through an appeal.[2]

### B. The Government's Interpretation of Section 3561(a)(3) does not conflict with Section 3551(b).

First, the defendant contends that 18 U.S.C. § 3551(b) requires a sentencing court to impose either probation or imprisonment, but not both. *See* 18 U.S.C. § 3551(b) (indicating that a defendant "shall be sentenced" to a probationary term "or" or a term of imprisonment). To be sure, Section 3551(b) sets out the same "general rule" found in Section 3561(a)(3): that "imposition of both probation and straight imprisonment" in the same sentencing hearing is not generally permitted. *United States v. Forbes*, 172 F.3d 675, 676 (9th Cir. 1999). But Section

---

[2] Whether the defendant's plea agreement or her concession at the sentencing hearing independently foreclose appellate relief here is a separate question not presented in the defendant's motion.

3

3551(a) notes that the sentencing provisions described there apply "[e]xcept as otherwise specifically provided." And, as noted below and in the government's sentencing memorandum, Section 3561(a)(3) does "provide[]" "otherwise"; it recognizes a carveout for petty offenses.

Accordingly, Section 3561(a)(3) does not conflict with Section 3551(b).

### C. Section 3561(a)(3) Permits a Sentence of Continuous Incarceration and Probation for a Petty Offense.

The statutory text of 18 U.S.C. § 3561(a)(3) permits a defendant to be sentenced to a term of probation "unless" that defendant "is sentenced at the same time to a term of imprisonment for the same or a different offense that is not a petty offense." 18 U.S.C. § 3561(a)(3). Thus, where a defendant *is* sentenced for a petty offense, that defendant may be sentenced to a period of continuous incarceration and a term of probation. *United States v. Posley*, supra. The sole court of appeals to have considered this question, *Posley*, reached that straightforward conclusion. *Id.*; *see* Cyclopedia of Federal Procedure, § 50:203, *Capacity of court to impose probationary sentence on defendant in conjunction with other sentence that imposes term of imprisonment* (3d ed. 2021) ("[W]here the defendant is being sentenced for a petty offense, a trial court may properly sentence such individual to a term of continuous imprisonment for a period of time, as well as a sentence of probation.") (citing *Posley*).[3]

Permitting a combined sentence of continuous incarceration and probation for petty offenses is sensible because sentencing courts cannot impose supervised release on petty-offense defendants. *See* 18 U.S.C. § 3583(b)(3); *United States v. Jourdain*, 2 F.3d 127, 1994 WL 209914,

---

[3] The defendant acknowledged the Court's authority to impose incarceration and probation during the sentencing hearing. *See Spencer* sentencing transcript, page 25 (defense counsel: "The Court has the discretion . . . to impose a sentence involving incarceration and/or probation, but I would ask the Court to also consider a period of probation and perhaps a short period of home detention with work release privileges. . . .")

4

at *1 (8th Cir. 1994) (unpublished) (plain error to impose a term of supervised release for a petty offense).

It follows that a sentencing court may impose a combined sentence of incarceration and probation where, as here, the defendant is convicted of a petty offense.[4] The defendant pleaded guilty to one count of 40 U.S.C. § 5104(e)(2)(G): Parading, Demonstrating, or Picketing in the Capitol Building, which is a "petty offense" that carries a maximum penalty that does not exceed six months in prison and a $5,000 fine. *See* 18 U.S.C. § 19; *see United States v. Soderna*, 82 F.3d 1370, 1381 n.2 (7th Cir. 1996) (citations omitted) (noting that a petty offender may face a sentence of up to five years in probation).

The defendant notes that District of Columbia Chief Judge Beryl A. Howell recently "considered" whether Section 3561(a)(3) authorized a sentence of straight incarceration with probation- or a so-called "split sentence"- in *United States v. Torrens* (Case No. 21-cr-204-2) and *United States v. Griffith* (Case No. 21-cr-204-4). However, Chief Judge Howell made no finding or decision on the issue, as it was ultimately inapposite in those cases, stating in *Torrens*:

> "I am not going to get into the debate about whether he may also be subject to a split sentence, which is a matter that has taken up a lot of briefing in this case. And it is, sort of, this unusual situation, as was made clear in the sentencing of this defendant's codefendant yesterday, that even though the government takes the position that a split sentence is allowable for a petty offense, under 18 U.S.C. Section 3561(a)(3), the government hasn't recommended a split sentence for any petty offense conviction in this case, with this defendant or his codefendant, or in any other January 6th-related case… But I am not going to resolve that debate, that legal issue here, as tempting as it might be -- and as good as the briefing is from both sides on the issue because there is no necessity to given the planned sentence that I think is warranted in this case."

---

[4] A sentencing court in a non-petty offense case may combine incarceration and probation only where incarceration is made a condition of probation and imposed as a brief time period or through "intermittent confinement." *United States v. Anderson*, 787 F. Supp. 537, 539 (D. Md. 1992); *see* 18 U.S.C. § 3563(b)(10) (permitting sentencing court to require the defendant as a condition of probation to "remain in custody of the Bureau of Prisons during nights, weekends, or other intervals of time").

*Torrens* sentencing transcript, pages 44-45.

Accordingly, the *Posley* case—and its holding that the sentence imposed on the instant defendant is authorized by Section 3561(a)(3)—remains the sole authority on this issue.

## CONCLUSION

For the foregoing reasons, and any additional reasons as may be cited at a hearing on this motion, the government respectfully requests that the defendant's motion be denied.

        Respectfully submitted,

        MATTHEW M. GRAVES
        United States Attorney
        D.C. Bar No. 481052

By:   /s/ *Douglas G. Collyer*
        Douglas G. Collyer
        Jamie Carter
        Assistant United States Attorneys
        NDNY Bar No. 519096 (Collyer)
        D.C. Bar No. 1027970 (Carter)
        14 Durkee Street, Suite 340
        Plattsburgh, New York 12901
        (518) 314-7800
        Douglas.Collyer@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this opposition was sent to counsel for the defendant, Allen Orenberg, on January 13, 2022, via CM/ECF and/or by email.

        __/s/_____
        Douglas G. Collyer