IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| v. | : | Case No. 21-0147-02 (CKK) |
| | : | |
| **VIRGINIA MARIE SPENCER,** | : | |
| | : | |
| Defendant. | : | |

**REPLY TO THE GOVERNMENT'S OPPOSITION TO THE
DEFENDANT'S MOTION TO CORRECT JUDGEMENT UNDER
FEDERAL RULE OF CRIMINAL PROCEDURE 35(A) AND TO
STAY ENTRY OF JUDGEMENT AND COMMITMENT ORDER**

The defendant, Virginia Marie Spencer, through her attorney, Allen H. Orenberg, hereby replies to the Government's Opposition to the Motion to Correct Judgment under Federal Rule of Criminal Procedure 35(a) and to Stay Entry of Judgment and Commitment Order. (ECF 67)

Although Ms. Spencer's motion (ECF 66) references both supervised release which was initially written on the Court's docket and later corrected, and probation which was referenced in the court's oral pronouncement, she moves to correct the sentence with respect to the Court's oral pronouncement imposing 90 days of incarceration followed by 36 months of probation.

- **Federal Rule of Criminal Procedure 35(a)**

The government avers that "Rule 35 is not the appropriate vehicle for this challenge." (ECF 67 at 2-3) To the contrary, it is respectfully suggested it is more efficient to resolve this issue in the district court now, rather than through an appeal or a collateral attack.

1

This Court's authority to modify a sentence under Rule 35(a) allows the Court to "correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35. It extends "to those cases in which an obvious error or mistake has occurred in the sentence, that is, errors which would almost certainly result in a remand of the case to the trial court for further action under Rule 35(a)." Fed. R. Crim. P. 35, Advisory Comm. Notes, 1991 Amendments. See e.g., *United States v. Del Castillo*, 212 F. App'x 818, 820 (11th Cir. 2006) (affirming re-sentencing under Rule 35 to correct clear error). Here, Ms. Spencer is not asking the Court to change its mind about the appropriateness of the sentence. Rather, she maintains that the sentence contains an obvious error that will almost certainly result in a remand on appeal because the Court did not have statutory authority to impose both a term of imprisonment and a term of probation as the sentence for one single petty offense. Imposing a term of probation in conjunction with a sentence of imprisonment is clear error. See United States v. Castro-Verdugo, 750 F.3d 1065, 1068 (9th Cir. 2014) (recognizing that sentencing court committed clear error by exceeding its statutory authority under 18 U.S.C. § 3561(a)(3)).

While the government maintains that Ms. Spencer has "conceded the legal permissibility of a split sentencing at the sentencing hearing" and that her only recourse is to appeal, ECF Doc. 67 at 3, the Court can correct an obvious error in the sentencing under Rule 35 even if the error was mistakenly urged by counsel.[1] See, e.g., *United States v. Del Castillo*, 212 F. App'x 818, 820 (11th Cir. 2006)

---

[1] The government relies upon a perceived concession at the sentencing hearing that counsel acknowledged the court's authority to impose, for a class B petty misdemeanor offense/conviction a sentence of incarceration followed by a period of probation. To the extent counsel made such a statement, it was made only to confirm the government's position on this issue and not as a deliberate or strategic decision on counsel's part.

2

(holding that government's Rule 35 motion was properly granted where government erroneously urged the court in the sentencing hearing not to sentence the defendant on both counts of a two count indictment).

- **The Court Is Not Authorized To Impose A Period of Probation Release, After A Term Of Imprisonment, <u>For A Class B Misdemeanor.</u>**

The plain language of 18 U.S.C. § 3561 does not permit both incarceration and probation for a single petty offense. This is consistent with 18 U.S.C. § 3551 which expressly authorizes imposition of a term of probation as an alternative to incarceration. Contrary to the government's interpretation, 18 U.S. C. §3561(a)(3) does not provide otherwise with respect to sentencing a person on a single petty offense. [2]

The government cites one case for its position, *United States v. Posley*, 351 Fed. Appx. 801, 809 (4th Cir. 2009) (per curium) (unpublished), which misreads 18 U.S.C. § 3563(a)(3) and ignores 18 U.S.C. § 3551. A correct reading of the relevant statutes and the legislative history make it clear that a district court has a dichotomous choice: it can either sentence the defendant to imprisonment up to six months, or it can sentence the defendant to probation for up to five years. They are alternate, mutually exclusive sentencing options. This rule is no different because the defendant is being sentenced for a single petty offense.

---

[2] Petty offenses are defined in 18 U.S.C. § 19 as "class B misdemeanor, class C misdemeanor, or an infraction." The classes of misdemeanors and infractions are defined in 18 U.S.C. § 3559(a). A district court cannot impose a term of supervised release for a petty offense. 18 U.S.C. § 3583(b)(3).

Neither the government nor the court in *Posley* cited 18 U.S.C. § 3551. But that statute, entitled "Authorized Sentences" – is where this Court's analysis must start.[3] The statute provides:

> (b) INDIVIDUALS.—An individual found guilty of an offense shall be sentenced, in accordance with the provisions of section 3553, to—
>
> (1) a term of probation as authorized by subchapter B;
>
> (2) a fine as authorized by subchapter C; ***or***
>
> (3) a term of imprisonment as authorized by subchapter D.
>
> A sentence to pay a fine may be imposed in addition to any other sentence. A sanction authorized by section 3554, 3555, or 3556 may be imposed in addition to the sentence required by this subsection.

18 U.S.C. § 3551(b) (emphasis added).

The statute sets out three different types of punishment: a term of probation, a fine, and a term of imprisonment. The fact that "a sentence to pay a fine may be imposed in addition to any other sentence" underscores the fact that the other two types of sentences – probation *or* imprisonment – are mutually exclusive – it is either/or.

Prior to Congress' enacting this statute, federal judges had the ability to order "split sentences" by combining incarceration and probation. In the past, courts could "impose[] a sentence of a few months in prison followed by probation." *United*

---

[3] Ms. Spencer borrows from arguments advanced by the defense in USA v. Jack Jesse Griffith (No. 21-204-BAH-04) and USA v. Eric Chase Torrens (21-204-BAH-02).

States v. Mize*, No. 97–40059–01–RDR, 1998 WL 160862, *1 (D. Kan. Mar. 18, 1998) (quoting Senate Report 225, 984 U.S. CODE CONG. & ADMIN.NEWS 3281 (1984)). In passing § 3551(b), Congress did away with that option. For those offenses that permit it – not this Class B misdemeanor, *see* 18 U.S.C. § 3583(b)(3) – the combination of a term of incarceration followed by supervision is accomplished by supervised release. *See, e.g.*, U.S.S.G. § 5B.1.1, Background.

"[T]he statute provides a choice among three alternative punishments." *United States v. Martin*, 363 F.3d 25, 35 (1st Cir. 2004). "If a court chooses to impose probation, it does so pursuant to the terms of § 3561. That section prohibits imposition of probation when 'the defendant is sentenced *at the same time* to a term of imprisonment' (emphasis added), further emphasizing the alternative nature of incarceration and probation in any one sentencing decision. Thus, both § 3551(b) and § 3561 require a district court to choose between probation and imprisonment when imposing its original sentence." *Id.* (footnotes omitted)

The law is clear that "imposition of both probation and straight imprisonment" in the same sentencing hearing is forbidden and improper. *United States v. Forbes*, 172 F.3d 675, 6765 (9th Cir. 1999). Consequently, it is "plain error" for a court to impose both a term of incarceration and a period of probation – whether one following the other, or with the service of a custodial term as a condition of probation. *United States v. Medenbach*, 729 Fed. Appx. 606, 607 (9th Cir 2018) (unpublished) ("It is therefore plain error for a judgment to impose, as a condition of probation, a continuously served custodial sentence."); *United States v. Andrade-Castillo*, 585 Fed. Appx. 346, 347 (9th Cir. 2014) (unpublished) ("This combination of probation plus a term of imprisonment

5

was unlawful [] even when the custodial component of the sentence is limited to time served.").

The government's position – allowing sentences that combine probation and incarceration for the same one petty offense -- would permit one petty offense to be punished more harshly than one Class A misdemeanor. Such an interpretation of the Code is plainly incorrect. *See Medenbach*, 729 Fed. Appx. At 606-07 (in unlawful camping and occupancy petty misdemeanor, district court erred by sentencing defendant to probation and custodial sentence but error did not rise to plain error to violate substantial rights where custodial sentence was time-served), *United States v. Baca,* No. EDCR 11–0001–VAP, 2011 WL 1045104, at * 2 (C.D. Cal. March 18, 2011) (vacating conviction for petty misdemeanor of possession of false military identification card as improper "split sentence" insofar as it imposed both incarceration and probation); *United States v. Anderson*, 787 F. Supp. 537, 539 (D. Md. 1992) (in Class B misdemeanor case, vacating joint sentence of incarceration and probation because "a period of "straight" imprisonment cannot be imposed at the same time as a sentence of probation").

Petty offenses *are* treated differently – just the opposite of how the government posits it. The Code allows for greater leniency in their sentences. This is clear from the structure of the Code, its plain language, the legislative history, and common sense and reason applied to avoid absurd effects.

First, the Code's structure. There are three types of authorized sentences – term of probation, fines, and a term of imprisonment. (Supervised release is considered a component of a sentence of incarceration.) While a fine can be combined with either a term of probation or a term of imprisonment, the Code

6

provides that terms of imprisonment and probation cannot themselves be combined. 18 U.S.C. § 3551(b). The federal criminal code entitled "Sentences" is divided into four subchapters, lettered "A," "B," "C," and "D," respectively entitled "General Provisions," "Probation," "Fines," and "Imprisonment." As for probation, the Court is directed to 18 U.S.C. § 3561(a), which provides:

> (a) IN GENERAL.—A defendant who has been found guilty of an offense may be sentenced to a term of probation unless—
>
> (1) the offense is a Class A or Class B felony and the defendant is an individual;
>
> (2) the offense is an offense for which probation has been expressly precluded; or
>
> (3) the defendant is sentenced at the same time to a term of imprisonment for the same or a different offense that is not a petty offense.

Section 3561(a) provides that probation is default permissible but for three circumstances and then addresses those times that probation is unavailable. Probation is not permitted if the offense is a Class A or Class B felony and the defendant is an individual. Probation is not permitted if the offense is one for which the Code expressly precludes probation. And probation is not permitted if "the defendant is sentenced at the same time to a term of imprisonment for the same or a different offense that is not a petty offense."

The statute affirms that a defendant cannot receive a sentence of probation if the defendant is sentenced to imprisonment "for the same" offense. This is

consistent with § 3551, under which "imposition of both probation and straight imprisonment" for the same offense is prohibited. The "petty offense" reference in § 3561(a)(3) refers solely to "a different offense." Thus, if a defendant is being sentenced for two different offenses at the same time, and receives a term of imprisonment on one offense, he cannot receive a term of probation on the second offense. The exception is if one of the two offenses is a petty offense. The phrase "that is not a petty offense" modifies only "a different offense." Befitting its status as a petty offense, a defendant can receive probation on one petty offense while receiving incarceration on another at the same time.

>Here are some examples consistent with the language of the statute:
>
>>Situation 1: The defendant is being sentenced for two non-petty offenses. If the defendant is being sentenced on two non-petty offenses at the same time, the court cannot give him probation on one offense and imprisonment on the other.
>>
>>Situation 2: The defendant is being sentenced for one non-petty offense and one petty offense. If the court sentences him to incarceration on the non-petty offense, the court cannot sentence him to probation on the petty offense.
>>
>>Situation 3: If the defendant is being sentenced for two petty offenses, the court can sentence the defendant to incarceration as to one petty offense and probation as to the other petty offense.

Where, as here, there is solely one petty offense, the statute precludes a combined probationary and carceral sentence. This reading is consistent with the legislative history of the statute. The phrase "that is not a petty offense" was added

to the Code in the Violent Crime Control and Law Enforcement Act of 1994. The Senate first proposed in 1991 [4] and again in 1994 [5] to amend § 3561(a)(3) by adding to its end the language "does not preclude the imposition of a sentence to a term of probation for a petty offense if the defendant has been sentenced to a term of imprisonment at the same time for another such offense." Thus, the original proposed language of the amendment shows that Congress intended to authorize a term of probation in addition to one of imprisonment in the limited circumstances of when the defendant was being sentenced for multiple petty offenses. And the statutory provision avoids the undesirable, and absurd, outcome of authorizing terms of both probation and imprisonment for the same petty offense.

That § 3561(a)(3) directs under what circumstances probation can be given – and not authorizing incarceration in addition to probation – is supported by review of the U.S. Sentencing Guidelines. Guideline § 5B1.1 addresses "imposition of a term of probation" and, with the exception of the language about petty misdemeanors, has the identical language as to when probation "may not be imposed" as the statute. *See* U.S.S.G. § 5B1.1(b). This makes sense since the Guidelines do not apply to petty misdemeanors. There is no reason to address the

---

[4] See H.R. Rep. NO. 102-405 at 167.

[5] See H.R. 3355 (as passed by Senate Nov. 19, 1993). When H.R. 3355 was passed and sent to the Senate on November 3, 1993, the crime bill made no alterations to the language. The Senate proposed the same language used in the 1991 draft be added to the crime bill. In the August 1994 version of the bill, the language was truncated to "that is not a petty offense." See H.R. Rep. No. 103-694, at 340. On August 21, 1994, the House officially accepted the Senate's proposed amendment of §3561(a)(3), and the language was passed into law, H.R. Rep. No. 103-711, at 8875 (1994) (Conference Report).

9

petty misdemeanor exception to the no-probation-on-offense-A-if-sentence-of-imprisonment-on-offense-B-at-the-same-time rule.

The government's reading of the statutes "would produce results that were not merely odd, but positively absurd." *United States v. X-Citement Video, Inc.*, 513 U.S. 64, 68–70 (1994). For example, following the government's construction, a petty misdemeanor defendant could get six months of imprisonment and five years of probation, whereas a Class A misdemeanant who received six months of imprisonment could receive at most twelve months of supervised release. That is not what Congress intended by specifying the offense as a Class B misdemeanor and by authorizing available punishments. The construction of the statute by the government (and the unpublished, un-followed *Posley* decision), allows people convicted of petty misdemeanors to be sentenced harsher than those convicted of more serious misdemeanors. "We do not assume that Congress, in passing laws, intended such results. *Public Citizen v. Department of Justice,* 491 U.S. 440, 453–455 (1989); *United States v. Turkette,* 452 U.S. 576, 580, (1981)." *Id.* Statutes are to be construed to avoid absurd results. *See, e.g.*, *Holy Trinity Church v. United States*, 143 U.S. 457 (1892); *United States v. Kirby*, 74 U.S. 482 (1868).

Finally, "even if the statute were ambiguous in the sense of *permitting* the government's construction, '[t]he rule of lenity requires ambiguous criminal laws to be interpreted in favor of the defendants subjected to them.'" *United States v. Cano-Flores*, 796 F.3d 83, 93-94 (D.C. Cir. 2015) (quoting *United States v. Santos*, 553 U.S. 507, 514 (2008). The rule of lenity "applies to sentencing as well as substantive provisions," *United States v. Batchelder*, 442 U.S. 114, 121, 99 S. Ct. 2198, 60 L. Ed. 2d 755 (1979).

Respectfully submitted,

_____
Allen H. Orenberg, # 395519
The Orenberg Law Firm, P.C.
12505 Park Potomac Avenue, 6th Floor
Potomac, Maryland 20854
Tel. No. 301-984-8005
Cell Phone No. 301-807-3847
Fax No. 301-984-8008
aorenberg@orenberglaw.com

Dated: January 19, 2021